**Michael Theodore NORTHERN, Petitioner–Appellant,**

v.

**Terry STEWART, Director; Arizona Attorney General, Respondents–Appellees.**

**No. 00–17065.**
**D.C. No. CV–00–00403–EHC.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 31, 2002.

Before B. FLETCHER, BOOCHEVER, and FISHER, Circuit Judges.

MEMORANDUM *

Michael Northern, an Arizona state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1993 conviction for first degree murder, armed robbery and two counts of forgery. Because the Antiterrorism and Effective Death Penalty Act (AEDPA) governs this case, the petition will be granted only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Northern argues that the use immunity granted to his codefendant, Theresa Brown, pursuant to Ariz. Rev.Stat. § 13–4064, deprived him of his Sixth Amendment right to confrontation and that his counsel was ineffective for failing to renew the motion to sever the trials.

■ Brown invoked her Fifth Amendment privilege against self-incrimination as to all questions asked of her at Northern's first trial. The state trial court granted the prosecution's motion to give Brown use immunity, thereby compelling her to testify. Nevertheless, that trial ended in a mistrial. Because Brown's testimony was compelled, the trial court properly disallowed Northern's attempt to impeach her during the second, joint trial with her prior, immunized testimony lest it force her to testify involuntarily against herself. *See New Jersey v. Portash,* 440 U.S. 450, 459, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979) ("The Fifth and Fourteenth Amendments provide that no person 'shall be compelled in any criminal case to be a witness against himself.' As we reaffirmed last Term, a defendant's compelled statements, as opposed to statements taken in violation of *Miranda [v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ], may not be put to any testimonial use whatever against him in a criminal trial.").

Northern had and took full advantage of the opportunity to cross-examine Brown at length on her version of the events during the trial. He was able to point out inconsistencies in her testimony. The sole re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

striction was that Northern could not ask questions about the testimony Brown had given in the first trial. He was free to ask the same questions and cover the same material; however, he could not specifically compare her answers to questions in the first trial with her answers in the second trial. Northern sought to use the immunized testimony to point out inconsistencies in Brown's two testimonies and thereby cast doubt on her credibility. The minor inconsistencies Northern sought to highlight would have been of little consequence as the jury convicted Northern on an accomplice theory of murder, apparently unconvinced by Brown's testimony. Even the trial judge remarked that "Brown was one of the worst liars this Court has ever seen." It is clear that Brown cast doubt on her credibility all by herself. The state court's holding was not an unreasonable application of federal law. *See Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.2000).

Northern cites *Thomas v. Hubbard*, 273 F.3d 1164 (9th Cir.2001), for the proposition that truncation of cross-examination is prejudicial because of the competing constitutional interests. We do not agree that *Thomas* is applicable here. There, the court held that the combination of the improper introduction of triple hearsay statements, prosecutorial misconduct *and* truncation of cross-examination warranted habeas corpus relief. *Id.* The court expressly declined to hold that the truncation of cross-examination alone would have warranted such relief.

■ To establish a claim of ineffective assistance of counsel, a defendant must show that defense counsel's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that counsel's deficient performance prejudiced the defen-

dant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Northern's counsel admitted and the state stipulated that counsel's performance was deficient when she failed to renew the severance motion at trial. However, Northern fails to prove that he was prejudiced by this deficiency. The jury, unconvinced by Brown's testimony, convicted Northern on an accomplice theory of murder and there was sufficient evidence of Northern's guilt presented prior to Brown's testimony. Northern had motive to murder the victim, the murder weapon was found fully loaded in Northern's car, he admitted he was present at the crime scene and he subsequently used the victim's credit card. Northern failed to show that absent his counsel's deficient performance, the outcome of the trial-his conviction based on the accomplice liability theory-would have been different.

AFFIRMED.